# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., trustee,<br><br>Plaintiffs,<br><br>v.<br><br>Sidney Truck & Storage, Inc., Sidney Transport, LLC, Sidney Transportation Services, LLC, and Equipment Leasing of Sidney, LLC,<br><br>Defendants. | Case No. 14 C 3663<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

The Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and Arthur H. Bunte, Jr., trustee, filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), to collect withdrawal liability based on the withdrawal of Defendant Sidney Truck & Storage, Inc. ("Sidney Truck"). Plaintiffs allege that Sidney Truck, and all trades or businesses under its common control, are jointly and severally liable for the withdrawal liability. According to Plaintiffs, this includes Defendants Sidney Transport, LLC ("Sidney Transport"), Sidney Transportation Services, LLC ("Sidney Transportation"), and Equipment Leasing of Sidney, LLC ("Equipment Leasing").

Plaintiffs moved for summary judgment against all Defendants, but the parties' briefing shows that only Equipment Leasing remains in dispute. The issue

for this Court, then, is whether Equipment Leasing was a trade or business under common control with Sidney Truck such that it is jointly and severally liable for the withdrawal liability. Specifically in dispute is not the common control element, but whether Equipment Leasing was a "trade or business" under 29 U.S.C. § 1301(b)(1) based on its leasing of property to Sidney Truck and Sidney Transportation. As explained below, the Court finds that Equipment Leasing was a trade or business, and Plaintiff's motion for summary judgment is therefore granted.

I. Background[1]

The Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3). PSOF ¶ 1. Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Fund, and is a plan sponsor within the meaning of 29 U.S.C. 1301(a)(10). *Id.* ¶ 2. Sidney Truck was an Ohio Corporation. *Id.* ¶ 4. During the relevant time period, it was subject to union collective bargaining agreements which required Fund contributions. *Id.* ¶ 4, 15. Prior to 2007, Karl Bemus and his relatives owned Sidney Truck, Motor Cartage, Inc., and Sidney Leasing, Inc. *Id.* ¶¶ 22-23. In late 2006, Steven Woodruff ("Steven") initiated negotiations to purchase the stock of Sidney Truck and the assets of the other Bemus owned companies. *Id.* ¶ 24. In anticipation of the transaction, Steven formed Sidney Transport, Sidney Transportation, and Equipment Leasing. *Id.* ¶¶ 24, 25. On January 1, 2007, Steven completed the transaction with Bemus and the following occurred: (1) Sidney Transport purchased the stock of Sidney Truck; (2) Sidney Transportation

---

[1] Where the facts have been agreed to by the parties, the background section cites to the Plaintiffs' Statement of Material Facts ("PSOF").

2

purchased the assets of Motor Cartage, Inc.; and (3) Equipment Leasing purchased approximately 90 semi-tractors and trailers (the "Truck Equipment") from Sidney Leasing, Inc. *Id.* ¶¶ 25-30. After the purchase, ownership of the Defendants was as follows: (1) Sidney Transport owned at least 80% of Sidney Truck; (2) Steven owned 60% and Timothy Sell ("Timothy") owned 40% of Sidney Transport and Sidney Transportation; and (3) Rhonda Woodruff ("Rhonda") owned 60% and Katherine Sell ("Katherine") owned 40% of Equipment Leasing. *Id.* ¶¶ 8-11. From January 1, 2007 through at least February 28, 2009, Steven was married to Rhonda, and Timothy was married to Katherine. *Id.* ¶ 12.

Sidney Truck and Sidney Transportation were over-the-road trucking companies that used semi-tractors and trailers to conduct their hauling operations. *Id.* ¶ 32. From 2007-2009, Sidney Truck and Sidney Transportation leased the Truck Equipment from Equipment Leasing. *Id.* ¶ 35. There was no negotiation or written lease agreement between the companies, and the equipment was leased at below market rates. *Id.* ¶ 41. In 2008, Sidney Truck and Sidney Transportation defaulted on their lease payments to Equipment Leasing, but Equipment Leasing did not take any action to collect the money owed, and did not seek to repossess the Truck Equipment. *Id.* ¶ 42.

From January 1, 2007 through at least February 28, 2009, all of Equipment Leasing's gross income was lease income received from Sidney Truck and Sidney Transportation. *Id.* ¶ 36. During the tax years of 2007 through 2009, Equipment Leasing's federal income tax returns show that it: (a) identified its principal

3

business activity as "equipment leasing"; (b) had a Federal Employer Identification Number; and (c) listed income and/or expenses on lines 1a through 22 under the section that states: "Caution: Include only trade or business income and expenses on lines 1a through 22." *Id.* ¶ 49. From tax years 2007 through 2009, Equipment Leasing's federal tax returns stated that it earned gross rental income, and incurred taxes, licensing expenses, depreciation expenses, and ordinary business losses. *Id.* ¶¶ 64-67. Additionally, Sidney Truck and Sidney Transportation filed Equipment Leasing's vehicle and use taxes with the State of Ohio, and paid to insure the Truck Equipment. *Id.* ¶¶ 60-62. Sidney Transportation maintained the licenses and registration for the Truck Equipment. *Id.*

On or about February 28, 2009, Sidney Truck permanently ceased to have an obligation to contribute to the Fund and/or permanently ceased all covered operations, thereby effecting "complete withdrawal" from the Fund as defined in 29 U.S.C. § 1301(b)(1). PSOF ¶ 16. As a result, the Fund determined that Sidney Truck and all trades or business under common control with it incurred joint and several withdrawal liability to the Fund in the principal amount of $3,459,880.63 (the "Withdrawal Liability"). *Id.* ¶ 17. Plaintiffs provided Defendants with a demand letter for payment on or about August 14, 2012, but no Defendant paid any portion of the Withdrawal Liability or initiated arbitration. *Id.* ¶¶ 18-20.

## II. Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter

4

of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

III.   Analysis

   a. **Withdrawal Liability**

Plaintiffs moved for summary judgment on their claim that all Defendants are jointly and severally liable for the Withdrawal Liability. An employer is responsible for withdrawal liability if the plaintiff shows that: (1) the fund is a multiemployer pension plan and the defendant is an employer for purposes of ERISA; (2) the fund notified the defendant of the assessed withdrawal liability; and (3) the defendant failed to timely initiate arbitration. *Chicago Truck Drivers v. El Paso Co.,* 525 F.3d 591, 597 (7th Cir. 2008). It is undisputed that the Fund is a multiemployer pension plan, and that Sidney Truck is an employer for purposes of the Withdrawal Liability assessment. It is also undisputed that the Fund properly notified Sidney Truck of the Withdrawal Liability and Sidney Truck did not initiate arbitration. As such, the Court finds that Sidney Truck is liable for the Withdrawal

5

Liability assessed by the Fund. Plaintiff's motion for summary judgment is granted as to Sidney Truck. Because the Defendants do not contest the liability of Sidney Transport or Sidney Transportation, the Court grants judgment as a matter of law against those Defendants as well.

### b. Equipment Leasing

As noted above, Equipment Leasing may be held jointly and severally liable for the Withdrawal Liability only if it is a "trade or business" under common control with the withdrawing employer. 29 U.S.C. § 1301(b)(1); *Cent. States, Se. & Sw. Areas Pension Fund v. Fulkerson*, 238 F.3d 891, 894 (7th Cir. 2001). Taking the second element first, the parties agree that Equipment Leasing and Sidney Truck were under common control pursuant to the spousal attribution rule. 26 C.F.R. § 1.414(c)-4(b)(5)(i). That rule "counts both spouses as one person to determine whether multiple businesses share the same owner." *Central States, Southeast & Southwest Areas Pension Fund v. Johnson*, 991 F.2d 387, 389 (7th Cir. 1993). During the relevant time period, Steven and Timothy owned Sidney Transport, which owned almost all of Sidney Truck. Steven was married to Rhonda, and Timothy was married to Katherine. Rhonda and Katherine owned 100% of Equipment Leasing on the withdrawal date. As such, the ownership interests of Rhonda and Katherine in Equipment Leasing are attributable to their spouses, bringing Equipment Leasing under common control with Sidney Truck.

The sole remaining issue, then, is whether Equipment Leasing was a "trade or business." Although Section 1301(b)(1) does not define "trade or business," the

6

Seventh Circuit has adopted two general approaches to determining whether an entity qualifies. The first approach holds that leasing property to a withdrawing employer "categorically" constitutes a trade or business. *Cent. States, Se. & Sw. Areas Pension Fund v. Messina Products*, LLC, 706 F.3d 874, 882 (7th Cir. 2013); *Cent. States, Se. & Sw. Areas Pension Fund v. Ditello*, 974 F.2d 887, 889 (7th Cir. 1992) ("leasing property to a withdrawing employer is a 'trade or business' for the purposes of section 1301(b)(1)"); *Cent. States, Southeast & Southwest Areas Pension Fund v. SCOFBP, LLC,* 668 F.3d 873, 879 (7th Cir. 2011) ("leasing property to a withdrawing employer itself is categorically a 'trade or business'"). This approach is based on the underlying purpose of the MPPAA, which is to "prevent the dissipation of assets required to secure vested pension benefits." *Central States, Southeast & Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1374 (7th Cir. 1992). In other words, the MPPAA was designed to prevent a situation where: (1) an employer who owes fund contributions under a collective bargaining agreement; (2) creates a separate company which it controls; (3) that separate company owned assets that are leased to the employer; and (4) those assets cannot be used to secure vested pension benefits owed by the employer, even though the employer effectively owns the assets. Employers who move assets in this manner are said to be "fractionalizing" their business. Because the MPPAA was passed to prevent "fractionalizing," the Seventh Circuit has held that, where a company under common control leases property to the withdrawing employer, that company is

7

"categorically" considered a trade or business covered by the MPPAA and ERISA. *Messina Products, LLC*, 706 F.3d at 882; *SCOFBP, LLC*, 668 F.3d 873, 879.

The second approach to defining "trade or business" is to use the more fact-intensive *Groetzinger* method. In order to have engaged in a trade or a business under this approach: (1) the organization's economic activity must have been for the primary purpose of income or profit; and (2) the activity must have been done with continuity and regularity. *Commissioner v. Groetzinger*, 480 U.S. 23, 35 (1987). The Defendants ask that the Court apply the *Groetzinger* test and ignore the "categorical" rule. However, the Seventh Circuit has explained that both tests are generally appropriate, and has provided guidance on when to use each one. *See Cent. States, Se. & Sw. Areas Pension Fund v. Nagy*, 714 F.3d 545, 550 (7th Cir. 2013) ("categorical treatment of leasing activity between the owner and the withdrawing employer is consistent with the *Groetzinger* test and serves the purpose of section 1301(b)(1)"). Where property is leased to the withdrawing employer itself, the categorical or "bright-line rule of *SCOFBP* and *Ditello* applies." *Id.* at 550. Where property has not been leased to the withdrawing employer, the fact-specific test of *Groetzinger* applies. *Id.* at 551.

The Court finds that the categorical rule applies in this case. It is undisputed that Equipment Leasing leased the Truck Equipment to Sidney Truck and Sidney Transportation, and that both companies made rent payments to Equipment Leasing. Under the categorical rule, this qualifies Equipment Leasing as a "trade or business" under the MPPAA. Equipment Leasing is therefore jointly and

8

severally liable for the Withdrawal Liability. Because Equipment Leasing was properly notified of its liability and did not engage in timely arbitration, judgment as a matter of law is granted for the Plaintiffs and against Equipment Leasing.

Defendants attempt to escape this finding by arguing that the categorical rule from *SCOFBP* and *Ditello* does not apply here because Sidney Truck did not intend to use Equipment Leasing to dissipate or fractionalize its assets. This misunderstands the applicable rule. The test, as outlined in *Ditello* and *SCOFBP*, does not require that the organization intend to fractionalize. Rather, any time a company leases property to a withdrawing employer, that alone constitutes a "trade or business" regardless of the company's intent. It is the fact that the economic relationship *could* be used to dissipate or factionalize assets that makes leasing property to a withdrawing employer a "trade or business." *Ditello*, 974 F.2d at 890; *Messina*, 706 F.3d at 883 ("the inescapable conclusion is that the Messinas' leasing activity . . . was a *means* to fractionalize Messina Trucking's assets"); *Central States, Southeast & Southwest Areas Pension Fund v. Mississippi Warehouse Corp.*, 853 F. Supp. 1053, 1058-59 (N.D. Ill. 1994) ("a finding that an entity is a member of an ERISA controlled group does not depend on any attempted fraud by the controlling party"). In light of the foregoing, Defendant's argument regarding intent is unpersuasive.

Defendants also argue that they could not have intended to dissipate or fractionalize assets because the leasing of the Truck Equipment was carried over when the entities were purchased from Bemus. As noted above, however, there is

no requirement that the Defendants intend to fractionalize or dissipate. This "carry over" argument therefore fails as well.

**IV.    Conclusion**

Plaintiffs' motion for summary judgment [47] is granted. All Defendants are jointly and severally liable for the Withdrawal Liability in accordance with 29 U.S.C. § 1132(g)(2). As requested, Plaintiffs have until May 12, 2016 to submit affidavits and a proposed judgment supporting their damage request.

IT IS SO ORDERED

Dated: April 21, 2016                    Entered:

                                                                     _____
                                                                     John Robert Blakey
                                                                     United States District Judge