**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, )))) | | |
| *Plaintiffs*, ) | | |
| v. ) | Case No. 14 C 3663 | |
| ) | | |
| SIDNEY TRUCK & STORAGE, INC., an Ohio corporation; SIDNEY TRANSPORT, LLC, an Ohio limited liability company; SIDNEY TRANSPORTATION SERVICES, LLC, an Ohio limited liability company; and EQUIPMENT LEASING OF SIDNEY, LLC, an Ohio limited liability company, ))))))))))) | Honorable John Robert Blakey District Judge | |
| *Defendants*. ) | | |

## PLAINTIFFS' MOTION FOR ENTRY OF PROPOSED JUDGMENT ORDER

In accordance with this Court's Memorandum Opinion and Order entered on April 21, 2016 (the "Opinion"), Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Arthur H. Bunte, Jr., trustee, hereby submit their Motion for entry of a proposed Judgment Order. In support of this motion, Plaintiffs state as follows:

**A.    Introduction**

1.    Plaintiffs filed this action to collect withdrawal liability from Defendants under the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, *et seq*.

2.    In its Opinion, this Court granted Plaintiffs' Motion for Summary Judgment against Defendants, Sidney Truck & Storage, Inc., Sidney Transport, LLC, Sidney

Transportation Services, LLC, and Equipment Leasing of Sidney, LLC (collectively the "Defendants"), and held that Defendants are jointly and severally liable for the withdrawal liability. The Court granted Plaintiffs until May 12, 2016, to submit affidavits and a proposed judgment order supporting their damage request.

**B.    Calculation of Requested Judgment Amount**

3.      As previously noted, Defendants failed to make the required withdrawal liability payment to the Pension Fund. (Shepard Affidavit ¶¶ 13-15, Exhibit A.)

4.      Under ERISA, 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Accordingly, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to:

(a)    the delinquent withdrawal liability;
(b)    interest on the delinquent withdrawal liability;
(c)    an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability;
(d)    reasonable attorney's fees and costs; and
(e)    such other relief the Court deems appropriate.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).

5.      Pursuant to ERISA, 29 U.S.C. § 1132(g)(2), Defendants owe withdrawal liability to the Pension Fund in the principal amount of $3,459,880.63.[1] (Shepard Affidavit ¶¶ 3-12, 17, Exhibit A.)

---

[1] As previously noted, Defendants did not initiate arbitration pursuant to 29 U.S.C. § 1401(a) to challenge the withdrawal liability. Accordingly, Defendants waived all potential challenges to the withdrawal liability – including the amount and calculation of

6. Pursuant to ERISA, 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the Plan.

7. Under the Pension Fund's Trust Agreement, interest on delinquent withdrawal liability is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged. (Shepard Affidavit ¶ 18, Exhibit A.)

8. Using this rate, Defendants owe $675,048.86 in delinquent interest on the unpaid withdrawal liability through May 12, 2016, with per diem interest of $519.93 accruing from May 12, 2016. (Shepard Affidavit ¶ 19, Exhibit A.)

9. Under ERISA, 29 U.S.C. § 1132(g)(2)(C), the Pension Fund is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the Plan. Here, the Pension Fund's Trust Agreement provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability. (Shepard Affidavit ¶ 20, Exhibit A.)

10. Here, the delinquent interest ($675,048.86) is less than 20% of the unpaid withdrawal liability ($691,976.13). Thus, Defendants, owe the Pension Fund liquidated damages of $691,976.13. (Shepard Affidavit ¶ 21, Exhibit A.)

11. Pursuant to the terms of its Trust Agreement, the Pension Fund is entitled to post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for

---

the withdrawal liability. *Chi. Truck Drivers, Helpers & Warehouse Union (Indep.) Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 529 (7th Cir. 1997).

which interest is charged, compounded annually. (Shepard Affidavit ¶ 23, Exhibit A.) *See Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1019-20 (7th Cir. 2001) (affirming award of post-judgment interest at the prime rate plus two percent (2%) as provided in the Pension Fund's Trust Agreement.)

**C.    Attorneys' Fees and Costs**

12.    In addition to the above amounts, Plaintiffs are also entitled to an award of their reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(2)(D).

13.    Plaintiffs and Defendants were not able to agree on the amount of attorneys' fees and costs that should be awarded to Plaintiffs.

14.    On May 12, 2016, Plaintiffs filed a Bill of Costs seeking $3,594.10 in taxable costs pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the F.R.Civ.P., and Local Rule 54.1. The Bill of Costs is currently pending, and no award on that amount has yet been made.

15.    By letter dated May 10, 2016, Plaintiffs served their summary of attorneys' fees and non-taxable costs on counsel for Defendants. Pursuant to Local Rule 54.3(d)(5), Defendants have 21 days, or until May 31, 2016, to respond.

16.    Pursuant to Local Rule 54.3(d), Plaintiffs will file a motion for an award of their attorneys' fees and costs after May 31, 2016, unless the parties have reached an agreement on this matter.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr., trustee, pray as follows:

(A) for entry of the proposed Judgment Order attached hereto as Exhibit B;

(B) that the Court consider Plaintiffs' Bill of Costs in the amount of $3,594.10 pursuant to Local Rule 54.1;

(C) that the Court consider Plaintiffs' request for attorneys' fees and costs pursuant to Local Rule 54.3; and

(D) for such other relief deemed just and proper.

Respectfully submitted,

*/s/Anthony E. Napoli*
Anthony E. Napoli
Attorney for Plaintiffs
Central States Funds
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2469
ARDC # 06210910
tnapoli@centralstates.org

## CERTIFICATE OF SERVICE

I, Anthony E. Napoli, one of the attorneys for Plaintiffs, certify that on May 12, 2016, I electronically filed the forgoing Plaintiffs' Motion for Entry of Proposed Judgment Order with the Clerk of the Court using the ECF system. This filing was served on all parties indicated on the electronic filing receipt via the ECF system.

/s/ Anthony E. Napoli
Anthony E. Napoli
One of Central States' Attorneys
