IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS PENSION FUND; ) <br> and CHARLES A. WHOBREY as Trustee, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> SIDNEY TRUCK & STORAGE, INC., ) <br> an Ohio corporation; ) <br> SIDNEY TRANSPORT, LLC, ) <br> an Ohio limited liability company; ) <br> SIDNEY TRANSPORTATION SERVICES, ) <br> LLC, an Ohio limited liability company; and ) <br> EQUIPMENT LEASING OF SIDNEY, LLC, ) <br> an Ohio limited liability company, ) <br> ) <br> *Defendants*. ) | Case No. 14 C 3663 <br><br> Honorable John Robert Blakey <br> District Judge |

**PLAINTIFFS' MOTION TO REVIVE JUDGMENT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Charles A. Whobrey, as Trustee, move this Court to revive the judgment entered against Defendants. In support thereof, Plaintiffs state as follows:

1. Plaintiffs instituted this lawsuit against Defendants seeking to collect withdrawal liability due to the Pension Fund as a result of an employer's complete withdrawal from the Pension Fund.

2. This Court entered a judgment order on June 23, 2016, in favor of Plaintiffs and against Defendants, in the total amount of $4,891,700.02 for withdrawal liability, interest, and statutory damages, plus post-judgment interest from the date of the judgment computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by

JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged compounded annually (the "Judgment"). (Dkt. No. 73) (A copy of the Judgment is attached hereto as Exhibit 1.)

3. The Judgment remains unsatisfied.

4. Rule 69 of the Federal Rules of Civil Procedure directs that Illinois law controls the manner in which judgments entered by this Court are executed. Under 735 ILCS 5/12-108, judgments may not be enforced beyond seven (7) years after the initial entry of judgment, unless revived as provided under 735 ILCS 5/2-1601 and in accordance with 735 ILCS 5/2-1602. A judgment may be revived by filing a petition in the original case in which the judgment was entered and providing notice of the petition to interested parties. 735 ILCS 5/2-1602(b) and (c).

5. Plaintiffs submit this Motion as the petition contemplated by Illinois law and further submit that interested parties have been notified of this Motion as evidenced by the Certificate of Service attached hereto.

6. To date, the outstanding balance on the Judgment is $8,285,360.57 (consisting of $4,891,700.02 in principal and $3,393,660.55 in post-judgment interest calculated through August 30, 2024).

7. Plaintiffs request that the Judgment be revived in accordance with 735 ILCS 5/2-1602 against all Defendants.

8. Along with this Motion, Plaintiffs submit a proposed Order Reviving Judgment, a copy of which is attached hereto as Exhibit 2, and which will also be submitted electronically to the Court's proposed order inbox.

**WHEREFORE**, Plaintiffs seek revival of the Judgment entered against all Defendants on June 23, 2016, in accordance with the Federal Rules of Civil Procedure and 735 ILCS 5/2-1602.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States Pension Fund
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2469
ARDC # 06210910

September 19, 2024
tnapoli@centralstates.org